UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
DONNELL PETERSEN *on behalf of* D.P., *a minor*

              Plaintiff,                    Index No.:

       -against-

                                 **COMPLAINT**

POLICE OFFICER JOHN DIAZ, *Shield No: 03864*


              Defendant,
_____X

       Plaintiff, DONNELL PETERSEN on behalf of his son D.P., a minor, by his attorney, Alexis G. Padilla, complaining of the defendant, Police Officer JOHN DIAZ ("Defendant P.O. DIAZ") and upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

       1.    This is a civil rights action in which the Plaintiff, DONNELL PETERSEN, pursuant to Federal Rule of Civil Procedure 17(1)(A) seeks relief on behalf of his son D.P, a minor, for the Defendant's violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4.  Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.  Plaintiff is of full age and resides in Brooklyn, Kings County, New York. Plaintiff is the father of D.P. and his legal guardian.

6.  D.P. is a sixteen year old student at the Academy for Young Writers, a public high school in Brooklyn.

7.  Defendant P.O. DIAZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. DIAZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## **STATEMENT OF FACTS**

8. On or about October 16, 2015 at approximately 3:40 PM at Cleveland Street and Cozine Avenue in Brooklyn, D.P. a high school sophomore, was on his way home from school when he came upon a chaotic scene; a large group of teenagers in the street and police officers yelling for them to move on and go home. It appeared as if there had been a fight.

9. At that moment, D.P. looked around and saw a police officer arresting one of his cousins, also a teenager and a student at the Academy for Young Writers. The officer had D.P's cousin on the ground and was in the process of handcuffing him.

10. D.P. started to walk towards where his cousin was being detained when out of nowhere Defendant P.O. Diaz connected with a punch to the side of D.P.'s head.

11. From where D.P. was standing, he could not even see Defendant P.O. Diaz throw the punch, let alone shield himself from the blow.

12. Defendant P.O. Diaz then continued to punch D.P. at least another three times in the head and face, causing a black eye and swelling about D.P.'s cheek.

13. As D.P. attempted to shield himself from Defendant P.O. Diaz's repeated blows by crouching and covering his head with his arms, Defendant P.O. Diaz struck D.P. about the chest with a raised knee.

14. Defendant P.O. Diaz then pushed D.P. to the ground, handcuffed and arrested him.

15. D.P. was then placed in a police vehicle and transported to the 75th Precinct in Brooklyn, where he was processed and detained for approximately ten hours in a holding cell intended for adults.

16. Before this incident, D.P. had never been arrested or even detained by the police.

17. From the 75th Precinct D.P. was transported to Central Booking in Manhattan, where he was processed further and detained for approximately twelve hours before being brought before a judge, arraigned and released.

18. In a sworn criminal complaint, Defendant P.O. Diaz charged D.P. with Obstructing Governmental Administration in the Second Degree, Resisting Arrest and Disorderly Conduct.

19. Under oath, Defendant P.O. Diaz alleged that he observed D.P. obstructing a public sidewalk; that he asked D.P. to leave the scene and that D.P. refused; that D.P. attempted to stand between another officer and an "apprehended other" and that D.P. attempted to prevent the arrest of this apprehended other; and that D.P. resisted lawful arrest by flailing his arms and pushing against Defendant P.O. Diaz.

20. However, videotaped footage of the incident directly contradicts Defendant P.O. Diaz's version of events.

21. In the footage, which is in Plaintiff's possession, D.P. is walking on the sidewalk when he sees a police officer arresting his cousin – the "apprehended other" in Defendant P.O. Diaz's complaint. D.P. walks in the direction of where the officer is arresting his cousin but never gets close enough to interfere with the arrest, let alone stand between the officer and his cousin, neither of whom are standing in the video. In fact, the video clearly shows the "apprehended other" face down on the ground with the officer on top of him.

22. In his sworn criminal complaint, Defendant P.O. Diaz states that he spoke to D.P. and asked him to leave the scene and that D.P. refused but the video does not show D.P. and Defendant P.O. Diaz exchanging any words.

23. Also, the video does not show D.P. "flailing his arms" to resist arrest.

24. What is clear from the video is that Defendant P.O. Diaz struck D.P. about the head and face at least four times with a closed fist and that he struck him about the chest with a raised knee.

25. At no time during this sequence of events did D.P. commit an offense for which he could be arrested.

26. At no time during this sequence of events did Defendant P. O. Diaz have probable cause to believe that D.P. had committed an offense for which he could be arrested.

27. Yet, Defendant P.O. Diaz arrested D.P. and charged him with violations of New York Penal Law that he knew or should have known where not supported by probable cause.

28. As a result, D.P. was detained for approximately twenty-four (24) hours before being released and was forced to return to court to defend against baseless criminal charges on a further occasion.

29. During the events described above, Defendant P.O. DIAZ acted purposely, maliciously and with callous disregard for D.P.'s rights when he used excessive force against D.P. and filed a false criminal complaint against him.

30. During the events described above, Defendant P.O. DIAZ acted under color of state law, and deprived D.P. of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from excessive force, false arrest and malicious prosecution.

31. As a direct and proximate cause of the acts of the Defendant P.O. DIAZ, D.P. suffered the following injuries and damages.

    A. Pain and suffering as a result of excessive force;

    B. False Arrest;

  C. Unwarranted and malicious criminal prosecution;

  D. Deprivation of liberty; and

  E. Denial of equal protection under the law.

**AS FOR A CAUSE OF ACTION**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

  32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

  33. At all times during the events described above Defendant P.O. DIAZ lacked probable cause to arrest D.P.

  34. At all times during the events described above Defendant P.O. DIAZ lacked probable cause to charge D.P. with any criminal offense.

  35. All of the aforementioned acts of Defendant P.O. DIAZ were carried out under the color of state law.

  36. No prosecution related to the criminal charges brought by Defendant P.O. Diaz against D.P. is forthcoming and all charges against D.P. are scheduled to be dismissed in his favor.

  37. All of the aforementioned acts of Defendant P.O Diaz deprived D.P. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

  38. The acts complained of were carried out by Defendant P.O. DIAZ in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

  39. The acts complained of deprived D.P. of his rights:

    A. To be free from excessive force;

    B. To be free from false arrest;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from deprivation of liberty without due process of law; and

    E. To receive equal protection under the law.

**WHEREFORE,** Plaintiff demands judgment in the sum of one hundred thousand dollars ($100,000) in compensatory damages, two hundred and fifty thousand dollars ($250,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 11/16/2015
       Brooklyn, NY

By: _____
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Donnell Petersen*
575 Decatur Street #3
Brooklyn, NY 11233
917-238-2993